UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEHMIDA BEGUM, | No. 2:17-cv-02375-JAM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| USCIS DEPARTMENT, | |
| Defendant. | |

Plaintiff Fehmida Begum, who proceeds without counsel in this action, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of her request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Moreover, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pro se pleadings are liberally construed. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1230 (9th Cir. 1984).

In this case, plaintiff's complaint is vague and lacks any request for relief. Plaintiff is apparently dissatisfied with the fees she paid to the United States Citizenship and Immigration Services ("USCIS"), associated with a petition she filed for her daughter, who lives in Pakistan. (ECF No. 1 at 5.) Plaintiff asserts that she has "been victim of a lot of charges of mailing, immigration fees, DNA fees, physical and mental harassment by USCIS Department [sic]." (<u>Id.</u> at 6.) At the same time, plaintiff has failed to explain exactly what occurred and she has failed to state what relief she seeks.

Furthermore, plaintiff checked a box indicating that 28 U.S.C. § 1332, diversity of citizenship, is the basis for federal subject matter jurisdiction in this case. (ECF No. 1 at 3.) However, defendant USCIS is a federal agency and is not a citizen of any state. Therefore, plaintiff cannot bring a claim under diversity of citizenship against USCIS. Additionally, plaintiff has indicated that she is not bringing a claim under any federal statute, treaty, or provision of the United States Constitution. (ECF No. 1 at 4.) Therefore, plaintiff has failed to establish a clear basis for federal subject matter jurisdiction. See 28 U.S.C. §§ 1331, 1332(a).

In light of the above, the court dismisses plaintiff's complaint, but with leave to amend. If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall address the deficiencies outlined above; and shall be filed within 28 days of this order. Specifically, in any amended pleading, plaintiff must state a basis for federal subject matter jurisdiction, such as a federal statute, a federal treaty, or a provision of the United States Constitution. Plaintiff must also clearly state what relief she seeks.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the initial complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that she is unable to amend her complaint to state a viable claim in accordance with her obligations under Federal Rule of Civil Procedure 11, she may alternatively file a notice of voluntary dismissal of her claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
2. Plaintiff's first amended complaint is dismissed with leave to amend.
3. Within 28 days of this order, plaintiff shall file either a first amended complaint in compliance with this order or a request for voluntary dismissal of the action without prejudice.
4. Failure to timely comply with this order may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: November 20, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/17-2375.begum.IFP.leave to amend